IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THE JOSEPH PAUL CORPORATION** **d/b/a JOSEPH PAUL HOMES,** | § § § § § | |
| Plaintiff, | | |
| v. | § § § | Civil Action No. **3:16-CV-1651-L** |
| **TRADEMARK CUSTOM HOMES, INC.;** **ERIC EMIL JOHNSON; CASH** **MCWHORTER; AND KIMBERLY** **MCWHORTER,** | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff The Joseph Paul Corporation d/b/a Joseph Paul Homes' Motion for Partial Summary Judgment (Doc. 73), filed August 18, 2017. Plaintiff moves for summary judgment on its copyright infringement claims (direct, contributory, and vicarious), as well as Defendants Trademark Custom Homes, Inc.'s ("Trademark") and Defendant Eric Emil Johnson's ("Johnson") affirmative defenses of failure to state a claim; lack of standing; laches; unclean hands; estoppel and waiver; authorized use; misuse of copyright; license, consent, and acquiescence; and innocent intent. After carefully considering the motion, response, reply, briefs, evidence, record, and applicable law, the court **denies** Plaintiff The Joseph Paul Corporation d/b/a Joseph Paul Homes' Motion for Partial Summary Judgment (Doc. 73). The court previously denied Trademark's and Johnson's motion to dismiss based on their defenses of lack of standing and failure to state a claim, and a genuine dispute of material fact exists regarding the elements of the parties' remaining claims and defenses.

**Memorandum Opinion and Order – Page 1**

## I. Background

On June 20, 2016, Plaintiff The Joseph Paul Corporation d/b/a The Joseph Paul Homes ("JP Homes" or "Plaintiff") filed this action against Defendants Trademark, Trademark's principal Johnson, and homeowners Cash McWhorter and Kimberly McWhorter (collectively, "the McWhorters"). The court refers to all Defendants collectively as "Defendants" when appropriate. JP Homes designs and builds custom homes in North Texas. Plaintiff contends that it owns the copyright to the architectural plans, drawings, and work for the house design known as "The Martinique," and that Defendants copied and improperly appropriated original elements of JP Homes's copyrighted work in The Martinique. JP Homes asserts claims against all Defendants for copyright infringement, contributory copyright infringement, and vicarious copyright infringement. Plaintiff also asserts a claim of false advertising and unfair competition in violation of the Lanham Act against Trademark, and a common law fraud claim against the McWhorters. Plaintiff seeks actual damages, consequential damages, statutory damages, punitive damages, attorney's fees, costs of court, as well as preliminary and permanent injunctive relief against Defendants.

On June 21, 2016, Plaintiff filed a separate Motion for Temporary Restraining Order and Preliminary Injunction to enjoin the construction of the McWhorters' house being built by Trademark, contending that the McWhorters, without JP Homes's permission, provided JP Homes's copyrighted architectural plan for The Martinique to Trademark and Johnson, and Trademark was using the copyrighted plan, or a plan that is substantially similar, to build the McWhorters' house. Plaintiff contended in its motion that Trademark was misleading consumers by using photographs of a house designed by JP Homes in advertising its own products in D Home Magazine, Facebook, Houzz, Twitter, Pinterest, Land and Home Magazine, and Trademark's website. In addition to

**Memorandum Opinion and Order – Page 2**

damages, Plaintiff sought to halt the construction of the McWhorters' house and enjoin the McWhorters from further acts of direct, contributory, and vicarious infringement, contending that Defendants should either be required to alter the McWhorters' house, so it will not infringe Plaintiff's copyright, or they should be required to remove the structure.

On July 19, 2016, Defendants Trademark and Johnson filed a joint motion to dismiss in which Trademark moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiff's Lanham Act claim for lack of subject matter jurisdiction based on lack of standing, and Trademark and Johnson both moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's copyright infringement claims and Lanham Act claims for failure to state a claim upon which relief can be granted.

On September 16, 2016, the court denied Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Defendants Trademark Custom Homes, Inc. and Eric Emil Johnson's Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6). On July 19, 2016, Trademark and Johnson filed their Original Answer, in which they assert the following affirmative defenses: failure to state a claim; lack of standing; laches; unclean hands; estoppel and waiver; authorized use; misuse of copyright; license, consent, and acquiescence; and innocent intent. On June 9, 2017, Plaintiff and the McWhorters filed a Joint Stipulation of Dismissal and Motion to Dismiss with Prejudice their claims against each other, which the court granted on June 12, 2017.

On August 18, 2017, Plaintiff filed its motion for partial summary judgment against Trademark and Johnson. As noted, Plaintiff moves for summary judgment with respect to its copyright infringement claims (direct, contributory, and vicarious) and Trademark and Johnson's

affirmative defenses of failure to state a claim; lack of standing; laches; unclean hands; estoppel and waiver; authorized use; misuse of copyright; license, consent, and acquiescence; and innocent intent.

## II. Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact

to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.   Analysis

#### A.   Copyright Infringement Claims and License Defense

Plaintiff contends that it is entitled to summary judgment on its copyright infringement claims based on The Martinique because it has established the elements for these claims. Trademark and Johnson respond that, regardless of whether Plaintiff can establish the elements for its copyright

infringement claims, a genuine dispute of material facts exists as to those claims because Plaintiff granted the McWhorters a nonexclusive license to copy and use the underlying design plans created by JP Homes to build their custom home in exchange for a sum paid by the McWhorters in consideration of the license agreement.

1.  **Copyright Infringement Law**

Copyright infringement can be direct or secondary. *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir. 2017). For direct copyright infringement, a plaintiff must prove that "(1) [it] owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original." *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012) (quoting *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 367 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)). The first element, ownership, is satisfied by allegations that the work is original and can be copyrighted and that the plaintiff has complied with all statutory formalities. *Engineering Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340 (5th Cir. 1994). The Fifth Circuit has "held that a plaintiff has complied with all statutory formalities for copyright registration [and ownership] when the Copyright office receives the plaintiff's application for registration, fee, and deposit." *See Geoscan, Inc. of Tex. v. Geotrace Techs., Inc.*, 226 F.3d 387, 393 (5th Cir. 2000) (citing *Lakedreams v. Taylor*, 932 F.2d 1103, 1108 (5th Cir. 1991)). The term "deposit" refers to the material deposited for registration or number of copies of the work that are required by statute to be submitted. *See Geoscan, Inc.*, 226 F.3d at 393 (citing 17 U.S.C. § 408(b)).

The copying element is met by: "(1) factual copying and (2) substantial similarity." *Baisden*, 693 F.3d at 499 (quotation marks omitted). Factual copying may be based on direct or circumstantial

evidence. *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007). To be substantially similar, "the copyrighted expressions in the two works [must be] sufficiently alike that the copyright to the original work has been infringed." *Id.* In other words, from the prospective of a "layman" or "ordinary observer," "the copy must bear a substantial similarity to the protected aspects of the original." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 550 (5th Cir. 2015) (quoting *Peel & Co. v. Rug Mkt.*, 238 F.3d 391, 398 (5th Cir. 2001)).

Secondary liability applies when defendants are responsible for third-party infringement, even when the defendants themselves have not engaged in the infringing activity. *See Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 435 (1984). Secondary copyright infringement applies when a defendant contributorily or vicariously infringes on another's copyrights. *See Metro-Goldwyn-Mayer Studios, Inc. v. Groksler, Ltd.*, 545 U.S. 913, 930 (2005). Under a vicarious theory of liability, a defendant is liable when it "profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement." *See id.* at 931 n.9. "A party is liable for contributory infringement when it, with knowledge of the infringing activity, induces, causes or materially contributes to infringing conduct of another." *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 790 (5th Cir. 1999) (citation and internal quotation marks omitted).

### 2. Law Applicable to License Defense

Defendants contend that a genuine dispute of material fact exists regarding Plaintiff's copyright claims because the McWhorters paid consideration for and were granted a nonexclusive license in the plans prepared by JP Homes for the McWhorters.

The existence of a license authorizing the use of copyrighted material is an affirmative defense to an allegation of infringement. *Lulirama Ltd., Inc. v. Axcess Broad. Servs., Inc.*, 128 F.3d 872, 884 (5th Cir. 1997) (citing *CMS Software Design Sys., Inc. v. Info Designs, Inc.*, 785 F.2d 1246, 1248 (5th Cir.1986)). The Copyright Act defines "transfer of copyright ownership" as including exclusive licenses, but it expressly excludes nonexclusive licenses. *Lulirama Ltd., Inc.*, 128 F.3d at 879 (quoting 17 U.S.C. §§ 101). Thus, "[w]hile the Copyright Act requires that exclusive licenses be evidenced by a writing, no such writing requirement applies to nonexclusive licenses." *Lulirama Ltd., Inc.*, 128 F.3d at 879. "Under federal law, a nonexclusive license may be granted orally, or may even be implied from conduct[,]" and "[w]hen the totality of the parties' conduct indicates an intent to grant such permission, the result is a legal nonexclusive license." *Id.*(citations omitted). "[A]n implied nonexclusive license arises when (1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes the particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work." *Id.* (citations and internal quotation marks omitted); *see also Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573 (5th Cir. 2015) (concluding that an implied nonexclusive license was created "when [the plaintiff] delivered (through his agent, Lack) plans for the four custom homes without any 'written or orally communicated restrictions about limits on [the defendant's] ability to use the delivered drawings'") (citation omitted). A "nonexclusive license may be irrevocable if supported by consideration because "a nonexclusive license supported by consideration is a contract." *Carson v. Dynegy, Inc.*, 344 F.3d 446, 451-52 & n.5 (5th Cir. 2003) (quoting *Lulirama Ltd., Inc.*, 128 F.3d at 882).

### 3. Discussion

In support of their license defense, Trademark and Johnson presented undisputed evidence that the McWhorters requested JP Homes to create the plan(s) for a custom home; and JP Homes created the plans and provided them to the McWhorters without any restrictions regarding use of the plan. In addition, Trademark and Johnson presented evidence that the McWhorters paid JP Homes a certain sum of money for the plans. The parties dispute whether their e-mail communication(s) and the McWhorters' payment created a nonexclusive license in the plans that authorized the McWhorters to copy and distribute the plans to Trademark or another third party for purposes of making additional customized changes to the plans and having Trademark or a builder other than JP Homes build the McWhorters' custom home using the revised version of the plans. Plaintiff contends that it is not reasonable to interpret the parties' e-mails as granting a license to the McWhorters to use JP Homes's creative work with a competitor, and Johnson's reliance on the McWhorters' statement that they paid for the plans is not objectively reasonable because no builder would have concluded that the payment for drafting costs paid by the McWhorters granted a license, transferable or otherwise, to the McWhorters in the plans for use with a competitor, particularly after JP Homes sent a cease and desist letter to Trademark and Johnson and filed this lawsuit.

Plaintiff, however, has not presented any evidence to support its interpretation of the parties' communications and contention that Johnson's reliance on the McWhorters' statement regarding payment for the plans was not objectively reasonable based on what other builders would have concluded under similar circumstances. Moreover, evidence of the McWhorters' payment and evidence that JP Homes provided the McWhorters with a copy of the plans without any restrictions is sufficient to create a genuine dispute of material fact as to whether a nonexclusive license was

created and whether such license was irrevocable after granted. Accordingly, a genuine dispute of material fact exists as to Trademark's and Johnson's license defense, which in turn creates a genuine dispute of material fact as to Plaintiff's copyright infringement claims. For this reason, Plaintiff is not entitled to summary judgment on its copyright infringement claims or Trademark's and Johnson's license defense and the motion is **denied** as to these claims and defenses.

### B. Trademark's and Johnson's Remaining Affirmative Defenses

The court previously addressed Trademark's and Johnson's defenses based on standing and failure to state a claim and denied their motion to dismiss on these grounds. Accordingly, the court **denies as moot** Plaintiff's summary judgment motion with respect to Trademark's and Johnson's defenses based on standing and failure to state a claim. Neither party sufficiently briefed the law or facts applicable to Trademark's and Johnson's remaining affirmative defenses. Accordingly, the court **denies** Plaintiff's summary judgment motion as to these defenses.

## IV. Conclusion

For the reasons stated, the court **concludes** that genuine disputes of material fact exist regarding the elements of the parties' claims and defenses. Accordingly, the court **denies** Plaintiff The Joseph Paul Corporation d/b/a Joseph Paul Homes' Motion for Partial Summary Judgment (Doc. 73). By separate order, the court will set this case for trial, reset the pretrial conference, and set deadlines for the parties to file their pretrial materials.

**Additionally, because it appears from the Joint Settlement Status Report filed by the parties on April 7, 2017, that the parties may be receptive to engaging in additional settlement efforts, the court refers this case for settlement to United States Magistrate Judge Paul D.**

**Stickney. The parties shall coordinate with Judge Stickney and schedule a settlement conference with him to take place before December 31, 2017.**

      **It is so ordered** this 15th day of November, 2017.

                                                    Sam A. Lindsay
                                               United States District Judge